13

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



UNITED STATES OF AMERICA,

        Plaintiff,                  CRIMINAL NO. 03-80617

v.                               HON. AVERN COHN

D-1 TAREK MAKKI,               VIO:  18 U.S.C. § 1001
        a/k/a "Senior Wolf",               18 U.S.C. § 2320
D-2 ALI MAKKI,
D-3 ADHAM MACKIE,
        a/k/a "Adam Mackie",

        Defendants.
_____/

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

### I. The Conspiracy and the Roles of the Defendants

1.    At all times material to this indictment, there existed an illegal smuggling/importation operation which was comprised of several individuals, some of whom are detailed below, which operated globally, but in particular, in, the Detroit, Michigan area, Los Angeles, California area, Jakarta, Indonesia, Canada, Mexico and elsewhere.    The operation essentially operated as an off-shore

counterfeiting scheme involving the smuggling and/or clandestine importation into the United States of thousands of cases of counterfeit Zig Zag® cigarette paper products that were manufactured/repackaged in among other locations, Jakarta, Indonesia and elsewhere.

2. At various times material to this indictment, Anand Nanwani and Jaipal Singh caused to be printed in Indonesia booklets, cases and cartons bearing counterfeit Zig Zag® markings, which markings were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which was likely to cause confusion, to cause mistake and to deceive.

3. At various times material to this indictment, Anand Nanwani and Jaipal Singh operated a factory in Jakarta, Indonesia that produced counterfeit Zig Zag® cigarette paper products for shipment to the United States. When in operation, the workforce ranged from 20 to 50 employees who were tasked with packaging inferior grade cigarette paper products, that is; either Zig Zag® cigarette papers that were packaged in booklets that are blue in color (hereinafter referred to as "Blue" Zig Zag® cigarette papers) obtained from distributors in Australia, or Zig Zag® and non-Zig Zag® produced papers of an unknown origin, into the U.S. bound counterfeit packaging procured by Nanwani and Singh.

4. At all times material to this indictment, the counterfeit Zig Zag® cigarette

paper products were then distributed and sold throughout the United States at prices well-below those that are, or can be offered, for the genuine corresponding Zig Zag® cigarette paper products in the United States.

5.  At all times material to this indictment, illegal proceeds of the operation were sent from the United States to Jakarta, Indonesia via Western Union and/or financial institution wire transfers in the names of the co-conspirators or their real or fictitious nominees.  The defendants and their co-conspirators utilized fictitious company names and invoices bearing fictitious company names to disguise the origin and destination of the shipped counterfeit Zig Zag® cigarette paper products.

6.  At all times material to this indictment, Anand Nanwani and Jaipal Singh were not licensed to manufacture, nor distribute Zig Zag® cigarette paper products.

7.  At all times material to this indictment, TAREK MAKKI, ALI MAKKI and ADHAM MACKIE, defendants herein, were not licensed to manufacture, nor distribute Zig Zag® cigarette paper products.

8.  At all times material to this indictment, various individuals, not named as defendants in this indictment, both known and unknown to the Grand Jury, participated in a number of roles as co-conspirators in the offenses charged and performed acts and made statements in furtherance thereof.

## II.  Background and Terminology

9.      At all times material to this indictment, Bollore, Inc. was an

internationally known distributor of specialty paper products, and has for over a century, used the "Zig-Zag" trademark and the depiction of a bearded man (the "Smoking Man Design") trademark (collectively, the "Zig-Zag® Trademarks") in connection with its cigarette paper products, cartons, cases and booklets. Both the Zig Zag® and Smoking Man Design® trademarks are registered with the United States Patent and Trademark Office.

10. At all times material to this indictment, Bollore owned the trademark registrations for Zig Zag® Trademarks in the United States and in various countries throughout the world, and has granted an exclusive license to North Atlantic Trading Company and its subsidiary, North Atlantic Operating Company, Inc. (hereinafter "NATC") in the United States for the importation and distribution of Zig Zag® cigarette paper products.

11. At all times material to this indictment, Bollore owned a paper mill in France where it manufactured the bobbins of Zig Zag® paper pursuant to various supply agreements. Bollore produced the highest quality paper (those packaged in booklets that are either White or Orange (hereinafter "U.S. White and U.S. Orange papers") for the U.S. market and for NATC to distribute. After their manufacture, the NATC bobbins of paper are then sent by Bollore to another manufacturing plant in France where the paper bobbins are manufactured into booklets, cartons, and shipping cases pursuant to NATC's specifications. NATC performs a strict quality control

function on each and every shipment of Zig Zag® U.S. White and U.S. Orange papers it receives from Bollore.  NATC has the right to reject shipments that do not meet with its quality control standards.

12. At all times material to this indictment, Bollore also manufactured separate, differing bobbins of papers under a supply agreement with Republic Technologies. Those Republic papers have differing specifications than the U.S. White and U.S. Orange papers, and are sold in non-U.S. markets.

13.  At all times material to this indictment, the U.S. White and U.S. Orange Zig Zag® cigarette papers were exclusively licensed to the North Atlantic Trading Company and its subsidiary, North Atlantic Operating Company, and are only manufactured for sale in the U.S.  Bollore has other customers around the world and manufactures different papers pursuant to Republic's specifications for those markets. The specifications for those products are, of an inferior quality or simply different type, than the product for the NATC that is sold and distributed in the United States.

## COUNT ONE

(18 U.S.C. § 2320 – Trafficking in Counterfeit Goods)

D-1 TAREK MAKKI
D-2 ALI MAKKI

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are

incorporated by reference as if fully set forth herein.

    2. That from a date unknown and continuing to on or about June 25, 2003, in the Eastern District of Michigan and elsewhere, TAREK MAKKI and ALI MAKKI, defendants herein, did intentionally traffic and attempt to traffic in goods, to wit: approximately 80 boxes of counterfeit Zig Zag® cigarette paper products seized on June 25, 2003, and knowingly use a counterfeit mark on and in connection with such goods, in violation of Title 18, United States Code, Sections 2320 and 2.

## COUNT TWO

(18 U.S.C. § 2320 – Trafficking in Counterfeit Goods)

D-3 ADHAM MACKIE

    1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

    2. That from a date unknown and continuing to on or about December 4, 2002, in the Eastern District of Michigan and elsewhere, ADHAM MACKIE, defendant herein, did intentionally traffic and attempt to traffic in goods, to wit: approximately 30 boxes of counterfeit Zig Zag® cigarette paper products seized on December 4, 2002, and knowingly use a counterfeit mark on and in connection with such goods, in violation of Title 18, United States Code, Sections 2320 and 2.

## COUNT THREE

(18 U.S.C. § 2320 – Trafficking in Counterfeit Goods)

D-3 ADHAM MACKIE

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. That from a date unknown and continuing to on or about December 11, 2001, in the Eastern District of Michigan and elsewhere, ADHAM MACKIE, defendant herein, did intentionally traffic and attempt to traffic in goods, to wit: approximately 3,300 boxes of counterfeit Zig Zag® cigarette paper products seized in Ontario, Canada in December , 2001, and knowingly use a counterfeit mark on and in connection with such goods, in violation of Title 18, United States Code, Sections 2320 and 2.

## COUNT FOUR

(18 U.S.C. § 1001– False Statement)

D-1 TAREK MAKKI

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. On or about May 4, 2004, in Wayne County, in the Eastern District of

Michigan, Southern Division, TAREK MAKKI, defendant herein, in a matter within the jurisdiction of the U.S. Department of Justice, an agency of the United States, did knowingly and willfully make a false, fictitious and fraudulent material statement, in that the defendant claimed that he stopped distributing and selling counterfeit Zig Zag® cigarette paper products after his arrest in June 2003 , which said statement the defendant then and there knew was false, in that TAREK MAKKI continued to traffic, distribute and sell counterfeit Zig Zag® cigarette paper products in the U.S. until at least September 2004, said date being approximate, the exact date being unknown, in violation of Title 18, United States Code, Section 1001.

## COUNT FIVE

(18 U.S.C. § 1001– False Statement)

D-3 ADHAM MACKIE

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. On or about May 4, 2004, in Wayne County, in the Eastern District of Michigan, Southern Division, ADHAM MACKIE, defendant herein, in a matter within the jurisdiction of the U.S. Department of Justice, an agency of the United States, did knowingly and willfully make a false, fictitious and fraudulent material statement, in that the defendant claimed that he stopped distributing and selling

counterfeit Zig Zag® cigarette paper products in January 2003 , which said statement the defendant then and there knew was false, in that ADHAM MACKIE continued to traffic, distribute and sell counterfeit Zig Zag® cigarette paper products in the U.S. until at least September 2004, said date being approximate, the exact date being unknown, in violation of Title 18, United States Code, Section 1001.

## COUNT SIX

(18 U.S.C. § 1001– False Statement)

D-1 TAREK MAKKI

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. On or about June 15, 2004, in Wayne County, in the Eastern District of Michigan, Southern Division, TAREK MAKKI, defendant herein, in a matter within the jurisdiction of the U.S. Department of Justice, an agency of the United States, did knowingly and willfully make a false, fictitious and fraudulent material statement, in that the defendant claimed that he stopped distributing and selling counterfeit Zig Zag® cigarette paper products in July 2003 , which said statement the defendant then and there knew was false, in that TAREK MAKKI continued to traffic, distribute and sell counterfeit Zig Zag® cigarette paper products in the U.S. until at least September 2004, said date being approximate, the exact date being unknown, in violation of

Title 18, United States Code, Section 1001.

## COUNT SEVEN

(18 U.S.C. § 1001– False Statement)

D-3 ADHAM MACKIE

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. On or about July 22, 2004, in Wayne County, in the Eastern District of Michigan, Southern Division, ADHAM MACKIE, defendant herein, in a matter within the jurisdiction of the U.S. Department of Justice, an agency of the United States, did knowingly and willfully make a false, fictitious and fraudulent material statement, in that the defendant claimed that he stopped distributing and selling counterfeit Zig Zag® cigarette paper products after his arrest in October 2003 , which said statement the defendant then and there knew was false, in that ADHAM MACKIE continued to traffic, distribute and sell counterfeit Zig Zag® cigarette paper products in the U.S. until at least September 2004, said date being approximate, the exact date being unknown, in violation of Title 18, United States Code, Section 1001.

## COUNT EIGHT

(18 U.S.C. § 1001– False Statement)

D-1 TAREK MAKKI

1. The allegations contained in paragraphs one (1) through thirteen (13) of the General Allegations of this Indictment are realleged in this Count and are incorporated by reference as if fully set forth herein.

2. On or about July 27, 2004, in Wayne County, in the Eastern District of Michigan, Southern Division, TAREK MAKKI, defendant herein, in a matter within the jurisdiction of the U.S. Department of Justice, an agency of the United States, did knowingly and willfully make a false, fictitious and fraudulent material statement, in that the defendant claimed that he stopped distributing and selling counterfeit Zig Zag® cigarette paper products in June-July 2003 , which said statement the defendant then and there knew was false, in that TAREK MAKKI continued to traffic, distribute and sell counterfeit Zig Zag® cigarette paper products in the U.S. until at least September 2004, said date being approximate, the exact date being unknown, in violation of Title 18, United States Code, Section 1001.

THIS IS A TRUE BILL.

_____
FOREPERSON

STEPHEN J. MURPHY
United States Attorney

_____
ROBERT P. CARES
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9736

_____
ERIC M. STRAUS
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9648

_____
GARY M. FELDER
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
(313) 226-9742

DATE: March 23, 2004

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** 03-80617 |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** Cohn   AVERN COHN |
| ☐ **Yes**      ☐ **No** | **AUSA's Initials:** |

**Case Title:** USA v.  Tarek Makki, Ali Makki, Adham Mackie _____

**County where offense occurred :** Wayne _____

**Check One:**      **X Felony**            ☐ **Misdemeanor**            ☐ **Petty**

_____Indictment/_____Information --- **no** prior complaint.

__X__Indictment/_____Information -X-- based upon prior complaint [**Case number:** 05-80152]

_____Indictment/_____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

**Superseding Case Information:**

**Superseding to Case No:** 03-80617 _____      **Judge:** Avern Cohn

☐      Original case was terminated; no additional charges or defendants.
☐      Corrects errors; no additional charges or defendants.
☐      Involves, for plea purposes, different charges or adds counts.
☐      Embraces same subject matter but adds the additional defendants or charges below.

| **Defendant name** | **Charges** |
|---|---|
| Adham Mackie | 18 U.S.C. § 1001<br>18 U.S.C. § 2320 |

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

___March 23, 2005___
Date

GARY M. FELDER/ERIC. M. STRAUS
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone:  (313) 226-9742
              (313) 226-9648
Fax: (313) 226-4679
E-Mail address:  gary.felder@usdoj.gov
                        eric.straus@usdoj.gov
Attorney Bar #:  P24709
                        P38266

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.
5/20/04