UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                            HONORABLE AVERN COHN

v.

                            No.   03-80617

D-3 ADHAM MACKIE,

    Defendant.

_____/

## SENTENCING MEMORANDUM

I.    **INTRODUCTION**

On August 17, 2005, Adham Mackie was named in six (6) Counts of a fifteen (15) Count, Second Superceding Indictment in this Honorable Court. Count one (1) charged Adham Mackie along with Tarek Mackie, Ali Mackie, Kamil Turfa, and Jihad Mackie with a conspiracy to traffic and smuggle counterfeit goods in violation of 18 U.S.C. § 371. Count two (2) charged the same group of individuals with a conspiracy to launder money in violation of 18 U.S.C. § 1956 (h). Counts four (4) and five (5) charged Adham Mackie alone with trafficking in counterfeit goods. Counts seven (7) and nine (9) charged Adham Mackie alone with false statements in violation of 18 U.S.C. § 1001. Adham Mackie had also been charged in the United States District Court for the Northern District of Texas Dallas District in Count two (2) of a three (3) Count criminal Information with making a false declaration before a court.

On October 5, 2005, the defendant, pursuant to a Rule 11 Plea Agreement, entered

a plea of guilty to Counts one (1), two (2), seven (7), and nine (9). The defendant also pled guilty to Count two (2) of the Texas charge mentioned above after that case had been transferred to the Eastern District of Michigan for plea and sentence pursuant to Rule 20 F.R.C.P.

As part of the agreement, the government agreed not to further prosecute for any other criminal charges based upon defendants involvement in similar conduct known to the U.S. attorney before or at the time of his sentencing. In this case, obviously that would include Counts four (4) and five (5). Further, the Defendant agreed to immediate deportation upon release from prison without judicial review.

## II.    SENTENCING ANALYSIS

Following United States v. Booker, 543 U.S. 220 (2005), the Court must impose a sentence in accordance with 18 U.S.C. § 3553(a). In particular, the Court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of punishment set forth in 18 U.S.C. § 3553(a)(2). Id. (emphasis added); see, e.g, United States v. Myers, 353 F. Supp. 2d 1026, 1029 (S.D. Iowa 2005); United States v. Ranum, 353 F. Supp. 984, 985 (E.D. Wis. 2005). Those purposes include "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A); "to afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(c); and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D).

In determining a sentence "sufficient, but not greater than necessary" to accomplish these purposes, courts must consider a number of factors, including "the nature and

circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1); "the kinds of sentences available," id. § 3553(a)(3); the guidelines sentencing range and any applicable sentencing commission policy statements, id. § 3553(a)(4), (5); and, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6).

## III.    NATURE AND CIRCUMSTANCES OF THE OFFENSE

The government had been investigating Tarek and Adham Mackie since 2001. The focus of the investigation was the trafficking of counterfeit Zig Zag cigarette papers in the tri-county area. Zig Zag is apparently the paper of choice for marijuana users. They are sold, among other places, in drug paraphernalia shops and are generally regarded as the Cadillac of the industry. In late 2003, the Mackies were indicted on Zig Zag related charges and began cooperating with the government regarding two (2) individuals, Anand Nanwani and Jaipal Singh. Based upon the Mackies cooperation, Nanwani and Singh were arrested in California on December 26, 2004. Ironically, they began cooperating against the two (2) Mackies who had not been entirely candid with the government in their earlier cooperation. The Mackies were then re-arrested and held without bond. While not trying to diminish the seriousness of the offense, the irony taking first place in a case filled with irony, is the government so aggressively seeking to protect a billion dollar industry whose main market is marijuana users.

## IV.    HISTORY AND CHARACTERISTICS OF DEFENDANT

The defendant was born on May 30, 1967 in Freetown, Sierra Leone. While Mr. Mackie's childhood was normal, the political situation in Sierra Leone caused him to seek

asylum in this country. Defendant was married by proxy to Sonia Mackie on April 11, 1993. By his own admission, he was not a good husband. He was traveling too often and gambling too frequently. He has three (3) children born from this marriage. Unfortunately, the marriage ended in divorce in June 2004. His ex-wife writes in her letter (Exhibit A) the following:

> "I am writing to you as regards Adham Mackie's case in your court. I am Adham's exwife and mother of his only three children, Tamara (10), Shafic (7), and Maxine (4). Despite our legal divorce, and previous ups and downs of our relationship, Adham and I have an amicable and affectionate relationship. I am considered a daughter by his parents, and a sister by his three sisters, having known the whole family long before I married Adham.
>
> Your Honor, there are no words to convey the pain and anguish this whole sordid chapter of Adham's life has caused amongst his whole entire family. I am aware of the seriousness of his charges, but have visited him in jail, and am convinced of his sadness and regret that his actions has so shamed and pained his family."

Although Adham has done many foolish things, not surprisingly he could never lose his mother's love. See Exhibit B. The Mackie family stands behind him too. See Exhibit C. Since these letters have been written, Adham's father passed away on October 22, 2005. See Exhibit D.

Mr. Ali Dagher, a project manager at Ford Motor, states in part as follows:

> "I have known Adham Shaffic Mackie all my life. Adham is my friend and cousin. He is an exceptionally gifted and intelligent individual, who is kind and generous to his family, friends and anyone who comes in contact with him." See Exhibit E.

Mr. Tallal Turfe, a prominent member of the Arab-American community, writes an articulate letter and states in pertinent part as follows:

4

> "As Adham has pleaded guilty to his criminal action, he is deeply sorry for his crime. Believe me, he has learned his lesson and wants to return to society with civility and responsiveness. Adham is an intelligent, educated individual who is the son of highly respectful parents. His family has remained united despite difficult circumstances.
>
> Now that the father of three American-born children is to be sentenced, I am seeking mercy and leniency with the hope that he would get probation and remain in the United States; however, any consideration from you will be a blessing. Adham is a good person. He is the kind of *moral* and *ethical* person concerned with doing the right thing. However, for a brief moment in his life, he just fell into the mire. Now he has cleansed himself and wants to make a contribution to his family, community and society. He is decent, honest, sincere and earnest. I am asking the court for leniency so Adham could remain home with his family to help his mother and ailing father as well as raise his own children." See Exhibit F.

Finally, the Mackie family recently submitted an updated letter dated January 19, 2006 which made the following observation;

> "We would, also, like to make you aware of the fact that Adham has changed for the better during his incarceration. He has made a commitment, not only by words, but by action, to his family. When we visit him, he speaks of his past irresponsible actions, and asks for forgiveness, and vows to do his best to make it up to his family. He calls his mother, kids and their mother, and his sisters regularly. It is clear that Adham has taken a large step in the right direction, and there is no indication that he would stray from that path." See Exhibit G.

See Exhibit H (other reference letters).

## V.   DEFENDANT'S PSYCHOLOGICAL SITUATION

According to the P.S.I., the defendant has suffered mental and emotional problems for some time. Apparently, this was discovered in prison and thanks to medication is now under control. See P.S.I., p15, para.56.

> "The defendant advised in July 2005, he began seeing a

> psychiatrist for hallucinations, both auditory and visual. According to medical records obtained from the Federal detention Center in Milan, Michigan, the defendant has been diagnosed with major depressive disorder with psychotic features. The defendant advised he has experienced suicidal ideation both before and after being incarcerated, but has never sought professional treatment. The defendant had been prescribed Prozac, 20 milligrams and Seroquol, 200 milligrams, both once daily. The defendant noted he no longer feels suicidal and believes the medication he has been prescribed is helping."

## VI. PLEA AGREEMENT AND GUIDELINES

It is undisputed that Mr. Adham Mackie, because of his lack of criminal history, is a category one (1) for guideline purposes. At the time of the Plea, all parties agreed that the guideline range was thirty-seven (37) to forty-six (46) months. See Transcript Plea Hearing October 5, 2005, pp 20 & 21. The loss figure agreed upon was eight hundred, seventy-nine thousand, fifty-six and 00/100 ($879,056.00) dollars. To be specific, that was the provable amount for guideline purposes. See Transcript Plea Hearing October 5, 2005, pp 21 & 22.

Counsel for the defendants in this case, because of the current post-Booker (floor and ceiling) policy in the United States Attorney's office, advised their clients to plead without a locked-in sentencing range under Rule 11.[1]

## VII. PARITY

18 U.S.C. § 3553(a)(6) provides in pertinent part "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty

---

[1] The probation department has calculated the loss to be sixteen million, seven hundred fifty-nine thousand and 00/100 ($16,759,000.00) dollars. The probation department in the companion case of U.S. v Nanwani and Singh, Case No. 05-CR-80063-DT-01 and 05-CR-80063-DT-02, respectively, calculated a loss in excess of ten million and 00/100 ($10,000,000.00) dollars with a guideline range of eighty-seven (87) to one hundred eight (108) months. Counsel for the defendants in that case objected and the court sentenced the defendants to fifteen (15) months. Counsel have spoken with the AUSA and the Government stands by the eight-hundred, seventy-nine thousand, fifty-six and 00/100 ($879,056.00) dollars figure.

of similar conduct." Id. § 3553(a)(6). In this case, defendants Nanwani and Singh, who, notwithstanding the government's chart, were essentially partners in crime with these defendants, received a sentence of fifteen (15) months. Under Booker and 18 U.S.C. 3553, defendant Adham Mackie requests a sentence that recognizes all of the relevant factors and takes into consideration the amount of suffering this defendant has undergone and will continue to undergo. That is not to say that he has not brought this upon himself, but at the same time, the Court should consider that his father died while Adham was in prison; that by agreeing to immediate deportation he will not watch his children grow up; and, all the while he is grappling with his psychological and emotional demons.

                                              Respectfully submitted,

                                              s/ Neil H. Fink
                                              Attorney for Defendant
                                              185 Oakland Avenue
                                              Suite 250
                                              Birmingham, MI 48009
                                              Phone: (248) 258-3181
                                              E-mail: dadcoach23@aol.com
                                              P 13430

Dated: 03/07/06

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                             HONORABLE AVERN COHN

v.

                             No.   03-80617

D-3 ADHAM MACKIE,

       Defendant.

_____/

## CERTIFICATE OF SERVICE

I certify that on March 7, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                Assistant U.S. Attorney
                Gary Felder

                                               s/   Neil H. Fink
                                               Attorney for Defendant
                                               185 Oakland Avenue
                                               Suite 250
                                               Birmingham, MI 48009
                                               Phone: (248) 258-3181
                                               E-mail: dadcoach23@aol.com
                                               P 13430

Dated: 03/07/06